# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALBERT D. JAMES | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-09-1155-M |
| | ) | |
| OKLAHOMA COUNTY, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Chief United States District Judge Vicki Miles-LaGrange has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons set forth herein, it is recommended that the action be dismissed upon filing for lack of jurisdiction.[1]

By this action, Petitioner challenges his August 2, 2005, conviction by a jury on one count of first degree murder, for which he was sentenced to life imprisonment. Petition, 2[2]; Case No. CF-2003-6933, District Court of Oklahoma County. Petitioner appealed his

---

[1] In a previous Report and Recommendation, it was recommended that this action be dismissed without prejudice for Petitioner's failure to pay the required filing fee. [Doc. No. 7]. That recommendation was adopted, but later vacated by Chief Judge Miles-LaGrange after Petitioner paid the required fee. [Doc. Nos. 9, 10, 15].

[2] The page numbers cited for the petition are the pre-printed numbers in the upper right hand corner of the "form" petition. Page 2 is actually the first page of the petition.

conviction, and the Oklahoma Court of Criminal Appeals affirmed. Petition, 3; Case No. F-2005-782, Oklahoma Court of Criminal Appeals (July 20, 2007). Petitioner's first application for state post-conviction relief was denied on October 7, 2008. Petition, 3.[3] Petitioner's second application for state post-conviction relief was denied on July 29, 2009, and that denial was affirmed by the Oklahoma Court of Criminal Appeals on September 23, 2009. Petition, 4; Case No. PC-2009-729, Oklahoma Court of Criminal Appeals.

Although Petitioner does not disclose such in his current petition, he has also previously filed a petition for a federal writ of habeas corpus. The action was initially filed in the United States District Court for the Northern District of Oklahoma, but was transferred to this Court. See James v. Province, Case No. CIV-08-498-M, United States District Court for the Western District of Oklahoma. Petitioner raised two grounds in this previous federal habeas action: that the trial court erred in precluding evidence that the homicide victim had PCP in his blood at the time of the shooting, and insufficiency of the evidence. Id. In that case, Magistrate Judge Gary M. Purcell entered a Report and Recommendation recommending that the petition be denied on the merits, and that recommendation was adopted by Chief Judge Miles-LaGrange on July 22, 2008. James v. Province, No. CIV-08-498 (W.D. Okla. July 22, 2008).

Thereafter, Petitioner filed an application with the Tenth Circuit Court of Appeals

---

[3]Petitioner does not indicate whether he appealed this denial to the Oklahoma Court of Criminal Appeals; however, he states that "The Supreme Court redirect me to file back to the court of Oklahoma." Petition, 3

seeking authorization to file a second or successive petition. In re: Albert D. James, Case No. 09-6033, United States Court of Appeals for the Tenth Circuit. The Tenth Circuit denied authorization on March 20, 2009. Id. In the order denying authorization, the Court noted that Petitioner sought to present three claims: factual innocence, due process, and self defense. Id. The Court found that Petitioner had failed to articulate the basis for any of the proposed claims, and in any event, admitted that he was not relying on any new evidence or law. Id.

Despite the Tenth Circuit's explicit denial of authorization to file a second or successive action, Petitioner initiated this case on October 21, 2009, raising in one ground for relief: factual innocence and ineffective assistance of both trial and appellate counsel. Petition, 6. For the following reasons, it is recommended that the action be dismissed for lack of jurisdiction.

**I. SCREENING REQUIREMENT**

District courts must review habeas petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. Likewise, courts are obliged to examine their jurisdiction sua sponte and dismiss any action where it is lacking. See Fed. R. Civ. P. 12(h)(3); see also Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by . . . a court on its own initiative, at any stage in the litigation . . . .") (internal citation omitted); Hardiman v. Reynolds, 971 F.2d 500, 502 (10th Cir. 1992) (noting that "a court must raise

a defense sua sponte if that defense implicates the court's subject matter jurisdiction."); Berryhill v. Evans, 466 F.3d 934, 938 (10th Cir. 2006) (Rule 60(b) motion was actually a second or successive § 2254 habeas petition over which the district court "lacked subject matter jurisdiction.").

The undersigned's initial review of the petition shows that it is second and successive to the above-referenced previous federal petition, and that Petitioner has not obtained authorization to file a second petition as required by 28 U.S.C. § 2244(b)(3)(A). Thus, this Court is without jurisdiction to consider it. Furthermore, for the reasons stated below, the undersigned finds that the action should be dismissed rather than transferred to the Tenth Circuit Court of Appeals.

## II. SECOND AND SUCCESSIVE PETITIONS

Title 28 U.S.C. § 2244(b) limits the circumstances in which a petitioner may proceed with a second or successive habeas corpus action under § 2254 by providing that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." This statutory requirement for prior authorization is jurisdictional. See 28 U.S.C. § 2244(b)(3)(A); see also Pease v. Klinger, 115 F.3d 763, 764 (10th Cir. 1997) (per curiam) ("The district court had no jurisdiction to decide [the petitioner's] successive § 2254 petition without authority from the court of appeals.").

Petitioner has neither alleged nor demonstrated that he sought or received the prior authorization from the Tenth Circuit Court of Appeals necessary for consideration of the

4

instant petition for federal habeas relief which challenges the conviction entered in Case No. CF-2003-6933, District Court of Oklahoma County. Indeed, he has been specifically denied authorization. Therefore, this Court is without jurisdiction to consider his petition.

Until recently, district courts routinely transferred unauthorized second and successive § 2254 petitions to the Tenth Circuit Court of Appeals for the requisite authorization pursuant to 28 U.S.C. § 1631, often operating under the assumption that such a transfer was required by Circuit precedent interpreting § 2244(b). See Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997) (stating that "when a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to § 1631.").[4] However, the Tenth Circuit has now instructed that Coleman "should not be read to limit the traditional discretion given to district courts under § 1631." In re Cline, 531 F.3d 1249, 1252 (10th Cir. 2008). Instead, the district court may either transfer the action to the Tenth Circuit pursuant to § 1631 for prior authorization if it is in the interest of justice to do so, or dismiss it for lack of jurisdiction. Id.

---

[4] Section 1631 provides in relevant part:

Whenever a civil action is filed . . . and [the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . .

5

Here, the undersigned finds that the interest of justice does not require transfer of this action to the Tenth Circuit Court of Appeals, and that it should instead be dismissed. The three primary considerations governing a court's decision to transfer rather than dismiss are: (1) whether the action was in good faith filed in the wrong court; (2) whether dismissal might make it difficult for the petitioner to comply with the one-year limitations period governing federal habeas petitions; and (3) whether the claims are likely to have merit. See In re Cline, 531 F.3d at 1251.

The first consideration does not support transfer because Petitioner has in fact sought authorization to file a second or successive petition raising the same ground as that presented herein, making it difficult for Petitioner to show that the initial filing of his petition in this Court was done in good faith. See In re Cline, 531 F.3d at 1252. Further, Petitioner was specifically denied authorization.

Second, it does not appear that a dismissal will make it any more difficult for Petitioner to comply with the applicable limitations period because the petition - which challenges a conviction which was final in 2007 – appears to now be barred by the statute of limitations. Thus, the dismissal of the instant petition does not affect Petitioner's ability to challenge the conviction obtained in Case No. CF-2003-6933, District Court of Oklahoma County.

Finally, a "peek at the merits" leads the undersigned to conclude that transfer of this action would raise "false hopes," and waste judicial resources on a case that is "clearly doomed." Haugh v. Booker, 210 F.3d 1147, 1150 (10th Cir. 2000). As noted, the Tenth

Circuit has already found that Petitioner has failed to identify any new facts or law supporting his claim of factual innocence, and none is shown in the current petition. Accordingly, the undersigned finds that the interest of justice does not require transfer of this action.

Where there is "no risk" that a meritorious second claim will be lost, the Court does not abuse its discretion to dismiss rather than transfer. In re Cline, 531 F.3d at 1252. Accordingly, it is recommended that the petition be dismissed for lack of jurisdiction due to Petitioner's failure to obtain an order authorizing the district court to consider his second or successive petition for a writ of habeas corpus in accordance with 28 U.S.C. § 2244(b)(3).

## RECOMMENDATION

Based upon the foregoing analysis, it is recommended that the petition for a writ of habeas corpus be **DISMISSED** without prejudice for lack of jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 3, 2010, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 14th day of January, 2010.

*/s/ Doyle W. Argo*
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE